[L. A. No. 4638. In Bank.—April 3, 1916.]

## MAGGIE L. WOODRUFF, Respondent, v. CURTIS C. COLYEAR, Appellant.

NEW TRIAL—ORDER DENYING—RIGHT OF APPEAL ABOLISHED—PROCEEDING INITIATED PRIOR TO TAKING EFFECT OF AMENDMENT.—The amendment of 1915 of the Code of Civil Procedure abolishing the right of appeal from an order denying a new trial, is applicable in every case where such order was made subsequent to the date of the taking effect of the amendment, regardless of whether the proceeding for a new trial was initiated prior to or subsequent to such date.

MOTION to dismiss an appeal from an order of the Superior Court of Los Angeles County denying a new trial. Paul J. McCormick, Judge.

In this action the defendant served and filed notice of intention to move for a new trial on December 3, 1914, and on January 19, 1916, such motion was denied. From the order of denial this appeal was attempted to be taken on January 26, 1916. By amendments to sections 939 and 963 of the Code of Civil Procedure, which became effective on August 8, 1915, the right to appeal from an order denying a motion for new trial was abolished. On March 6, 1916, the supreme court dismissed the appeal without filing a written opinion. The present opinion was rendered on the denial of the appellant's application for a rehearing of the motion to dismiss.

F. W. Allender, Henry O. Wackerbarth, and Bordwell & Mathews, for Appellant.

I. Henry Harris, and Daniel M. Hunsaker, for Respondent.

ANGELLOTTI, C. J.—In denying the petition for a rehearing of the motion to dismiss the appeal in this case, we deem it proper to say what we have already substantially said several times from the bench, that we are satisfied it must be held that the amendment of our Code of Civil Procedure in the year 1915 [Stats. 1915, p. 209, Code Civ. Proc., sec. 963] abolishing the right of appeal from an order denying a new trial,

is necessarily applicable in every case where such order was made subsequent to the date of the taking effect of the amendment, regardless of whether the proceeding for a new trial was initiated prior to or subsequent to such date. It is the condition of the law at the time of the making the order that controls. We are unable to see that the effect of such a ruling can be in any case to deprive the party seeking a new trial of any right given him by the state constitution.

Sloss, J., Shaw, J., Melvin, J., and Lawlor, J., concurred.